**SHAW, PERELSON, MAY & LAMBERT, LLP**
ATTORNEYS AT LAW
21 VAN WAGNER ROAD
POUGHKEEPSIE, NEW YORK 12603
(845) 486-4200
FAX (845) 486-4268

| | |
|---|---|
| STEPHEN A. PERELSON (1941-2002) | WESTCHESTER OFFICE |
| DAVID S. SHAW | 115 STEVENS AVENUE |
| MARGO L. MAY | VALHALLA, NEW YORK 10595 |
| MICHAEL K. LAMBERT | (914) 741-9870 |
| MARC E. SHARFF | FAX (914) 741-9875 |
| LISA S. RUSK | |
| BETH L. SIMS | |
| STEVEN M. LATINO | |
| JULIE M. SHAW | |
| ------ | |
| GARRETT L. SILVEIRA | |
| MEGAN A. SHEDDEN * | |
| JENNIFER A. GEMMELL | |
| ------ | |
| MARK C. RUSHFIELD * | |
|    OF COUNSEL | |
| MARIA D. GILL ** | |
|    OF COUNSEL | |
| JOHN E. OSBORN | |
|    OF COUNSEL | |

\*     also admitted in New Jersey
\*\*    also admitted in Connecticut

March 10, 2016

Via ECF
Hon. Vincent L. Briccetti, United States District Court Judge
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   **J.G. and A.G. o/b/o J.G., Jr. v. Board of Education of the Arlington Central School District, 16 CV 01530 (VB); Request for Pre-Motion Conference, Scheduling Conference or Scheduling Order**

Dear Judge Briccetti:

This office represents the defendant school district in the above-referenced matter. Through service of the "Complaint-Statutory Appeal of State Review Officer Decision" ("Complaint") in this action, the defendant's time to answer or move as regards the Complaint is currently March 21, 2016.

The Complaint seeks to have the Court annul the decision of the New York State Review Officer ("SRO"), which held that the defendant school district had provided a free appropriate public education ("FAPE") for the 2013-14 and 2014-15 school years and denied the plaintiff parents tuition reimbursement for their unilateral placement of their child at a private school for the 2014-15 school year. The Complaint is 42 pages long and is comprised of 286 separately numbered paragraphs.

Counsel for the plaintiff parents in this action has agreed to extend the defendant's time to answer or otherwise move as against the Complaint until such time as the Court may determine whether it will grant the request herein.

The instant action is an appeal by the plaintiffs from an administrative determination which, as to its merits, though not subject to disposal through a true Fed R. Civ. P. 56 summary judgment motion, *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012), is, as the Court is well-aware, commonly disposed of through a procedure akin to summary judgment motion practice.

As your Honor may recall, in *M.P. v. Carmel CSD*, 15-CV-03432 (VB), following my request for a pre-Answer conference, your Honor agreed to the parties waiving the requirement that the defendant school district submit an answer to the complaint therein and agreed to the parties proceeding directly to motion practice in the nature of summary judgment. Your Honor may also recall that the Court suggested that cross-motions would be duplicative and unnecessary and that the parties thereupon agreed with the Court's suggestion that the plaintiff parents (as the party bearing the burden of proof) make a motion in the nature of one for a summary judgment seeking a reversal of the SRO decision, to which the school district would file responding papers and the plaintiff parents could file a reply.

The defendant suggests that, as in *M.P. v. Carmel CSD*, the procedure of moving directly to such a motion practice is the most expeditious and economic use of both party and judicial resources toward a determination in the above-referenced action.

Counsel for the plaintiffs -- Benjamin J. Hinerfeld, Esq. – has consented to utilizing the above-described procedure in this case (i.e., waiving the need for an Answer to the Complaint and moving directly to a plaintiffs' motion in the nature of one for a summary judgment) if it is acceptable to the Court. If it is so acceptable, counsel can either appear before you to schedule the plaintiffs' motion or can suggest to the Court a motion schedule; in either case, it is anticipated that a scheduling Order would ensue.

Thank you for your consideration of this request.

Very truly yours,

SHAW, PERELSON, MAY & LAMBERT, LLP


BY: _____/S/_____
MARK C. RUSHFIELD, ESQ.

MCR/hs
cc: Benjamin J. Hinerfeld, Esq.
    client

2